# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**WILHY HARPO,**

             **Plaintiff,**

v.                                                   1:12-cv-0865-WSD

**STEPHANY C. DAVIS, et al.,**

             **Defendants.**

## OPINION AND ORDER

This matter is before the Court, pursuant to 28 U.S.C. § 1915(e)(2)(B), for a determination of whether Wilhy Harpo's ("Plaintiff") Complaint [3] is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

## I. BACKGROUND

On March 13, 2012, Plaintiff submitted an Application to Proceed in District Court without Prepaying Fees or Costs [1]. On March 26, 2012, Magistrate Judge C. Christopher Hagy found that Plaintiff met the financial requirements for *in forma pauperis* ("IFP") status, granted his request to proceed IFP pursuant to 28

U.S.C. § 1915(a), and submitted the Complaint to this Court for a frivolity determination [2].

In his Complaint, Plaintiff asserts claims under 42 U.S.C. § 1983 against Defendants,[1] all of whom are state court judges or clerks within Fulton County, for violations of his constitutional rights in seeking to file a *pro se* criminal warrant application in the Fulton County courts without payment of costs. (Compl. at 1-6).

Because the Fulton County courts do not allow the filing of criminal warrant applications without payment of costs, Plaintiff alleges that there is a conspiracy amongst the judges and clerks in Fulton County to deny *pro se* litigants the opportunity to pursue criminal warrant applications without payment of costs. (Id. at 7-11, 13).

Because of this alleged abuse of his constitutional rights, Plaintiff seeks $11,005,000.00 in compensatory, nominal, and punitive damages from Defendants. (Id. at 15-16).

---

[1] Defendants include: Stephany C. Davis, Chief Judge of the Fulton County Magistrate Court; Stefani R. LaCour, Judge of the Fulton County Magistrate Court; Mark N. Harper, Chief Clerk of the Fulton County State and Magistrate Courts; Yashika Jones, Deputy Clerk of the Fulton County State and Magistrate Courts; Jennifer Nelson, Deputy Clerk of the Magistrate Court of Fulton County; and, Cindy Barber, Deputy Chief Clerk of Court Administration of the Fulton County State and Magistrate Courts. (Compl. at 2-4).

## II. DISCUSSION

### A. Dismissal of a frivolous, malicious, or implausible complaint

Section 1915(e)(2) of Title 28 requires a court to dismiss an IFP case if the court determines that an action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.[2] A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993); accord Neitzke v. Williams, 490 U.S. 319, 325 (1989) (stating that a claim is frivolous "where it lacks an arguable basis either in law or in fact").

### B. Judicial immunity

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005) (quoting Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000)) (quotation

---

[2] A complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

3

marks omitted). Section 1983 did not abolish the doctrine of judicial immunity in cases alleging state deprivation of federal constitutional rights. Dykes v. Hosemann, 776 F.2d 942, 945 (11th Cir. 1985) (en banc) (citing Pierson v. Ray, 386 U.S. 547, 554-55 (1967)). "[E]ven a judge who is approached as a judge by a party [and conspires with such party] to violate [another party's federal constitutional rights] is properly immune from a damage suit brought under section 1983." Id. at 946 (quoting Harper v. Merckle, 638 F.3d 848, 856 n.9 (5th Cir. Unit B 1981)) (citations omitted). Otherwise, "on mere allegations of conspiracy or prior agreement, [judges] could be hauled into court and made to defend their judicial acts, the precise result judicial immunity was designed to avoid." Id.

Further, the Eleventh Circuit has consistently held that judicial immunity extends not only to judges, but to other persons whose "official duties have an integral relationship with the judicial process." Roland v. Phillips, 19 F.3d 552, 555 (11th Cir. 1994). Thus judicial personnel such as law clerks, clerks of court, and secretaries are entitled to quasi-judicial immunity. See, e.g., Jallali v. Florida, 404 F. App'x 455, 456 (11th Cir. 2010) (immunity extended to law clerk); Moore v. Brewster, 96 F.3d 1240, 1244-45 (9th Cir. 1996), superseded by statute on other grounds as recognized in B. Braun Medical, Inc. v. Rogers, 163 F. App'x 500 (9th Cir. 2006) (immunity extended to staff of courts); Kirkendall v. Grambling &

4

Mounce, Inc., 4 F.3d 989 (5th Cir. 1993) (judge's secretary entitled to immunity from suit); Scott v. Dixon, 720 F.2d 1542, 1546-47 (11th Cir. 1983) (extending judicial immunity to bar Section 1983 claims brought against court clerks regarding the issuance of criminal warrants); Manko v. Steinhardt, No. 11-cv-5430, 2011 WL 6019467, at *2-3 (E.D.N.Y. Nov. 28, 2011) (dismissing action against state court judges, clerks of court, and legal secretaries on the basis of judicial immunity).

Plaintiff does not allege that Defendants acted in the absence of jurisdiction. Plaintiff's allegations against Defendants relate to normal judicial functions ordinarily performed by a judge and his staff. It is clear from the face of the Complaint that Defendants performed these actions in the course of their official duties. Accordingly, Defendants are entitled to judicial and quasi-judicial immunity from damages for the acts that were performed in the course of their duties in processing Plaintiff's request for a criminal warrant. Because Plaintiff may not obtain the monetary relief that he seeks against Defendants, this action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).[3]

---

[3] The Court also notes that to the extent Plaintiff asserts claims against Defendants in their official capacity, monetary damages are barred by the Eleventh Amendment. The Eleventh Amendment affords States constitutional immunity from suit. Alden v. Maine, 527 U.S. 706, 748 (1999). Because the State acts through its officials, "a suit against a state official in his or her official capacity is

The Court also finds the entirety of Plaintiff's Complaint is frivolous because it consists entirely of allegations that are clearly baseless and legal theories that are indisputably meritless.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Complaint [3] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) because it is frivolous and seeks monetary relief from Defendants who are immune from any such relief.

---

not a suit against the official but rather is a suit against the official's office." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). In a Section 1983 action against state officials in their official capacity, as Plaintiff brings here, sovereign immunity precludes an award of money damages. Edelman v. Jordan, 415 U.S. 651, 663 (1974) (stating that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its [Eleventh Amendment] sovereign immunity from suit even though individual officials are nominal defendants"). Plaintiff has made no allegation that Defendants in this action have consented to be sued in their official capacity or otherwise have waived the defense of sovereign immunity. Monetary damages are thus unavailable for claims asserted by Plaintiff against Defendants in their official capacity and this is another ground for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

**SO ORDERED** this 27th day of March, 2012.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE